UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

JILLIAN JERRY,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
COLETTE TUCKER, SHIELD # 28527, SERGEANT
BRIAN SCALISE, SHIELD # 01363, POLICE OFFICER
KATRINA PRINGLE, SHIELD #18935, POLICE
OFFICER JOSEPH PISCATELLA, SHIELD #30417,
POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10,

Defendants.

_____X

**AMENDED**
**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

14-cv-2713(FB)(MDG)

Plaintiff JILLIAN JERRY, for her complaint, by her attorney LAW OFFICE OF DAVID

A. ZELMAN, and upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which Plaintiff JILLIAN JERRY (hereinafter "JERRY" or

"Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights

secured to her under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United

States Constitution. On or about July 9, 2013 at approximately 3:52 P.M., JERRY was

falsely arrested with excessive force by employees of the City of New York. As a result

of the excessive force used by Defendants, JERRY suffered physical and mental injuries.

## II. JURISDICTION

2.   Jurisdiction is conferred upon the Court by 28 U.S.C. §1343 (3) and (4), which provides

for original jurisdiction in the court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States.

## III. PARTIES

3.     JERRY at all times relevant hereto resided in Brooklyn, NY.

4.     Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.     Defendant POLICE OFFICER COLETTE TUCKER, SHIELD # 28527 (hereinafter "TUCKER") was an NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment.  TUCKER is sued in her official and individual capacity.

6.     Defendant SERGEANT BRIAN SCALISE, SHIELD # 01363 (hereinafter "SCALISE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SCALISE is sued in his official and individual capacity.

7.     Defendant POLICE OFFICER KATRINA PRINGLE, SHIELD # 18935 (hereinafter "PRINGLE") was an NYPD police officers, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment.  PRINGLE is sued in her official and individual capacity.

8.     Defendant POLICE OFFICER JOSEPH PISCATELLA, SHIELD #30417 (hereinafter "PISCATELLA") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. PISCATELLA is sued in his official and individual capacity.

2

9.   Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.  DOE(S) are sued in their official and individual capacity.

10.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11.  On or about July 9, 2013 at approximately 2:45 P.M. on Herkimer Street in Brooklyn, JERRY was in a for-hire vehicle that was scheduled to bring JERRY to the hospital.

12.  The driver of the vehicle refused to drive JERRY's children with JERRY. When JERRY refused to leave the vehicle, both the driver and JERRY called the police.

13.  Police officers employed by CITY, including but not limited to defendants TUCKER and PRINGLE responded to the call.

14.  Defendants, including but not limited to TUCKER and PRINGLE approached the vehicle and began forcefully removed JERRY from the vehicle.

15.  Defendants SCALISE and PISCATELLA arrived on the scene and assisted Defendants TUCKER and PRINGLE in forcefully removing JERRY from the vehicle. As a result of the excessive force used by defendants, JERRY suffered physical injuries.

16.  Defendant TUCKER arrested her with excessive force in front of her children

3

17.   JERRY was handcuffed and transported to the 73rd Precinct by defendant SCALISE where she was partially strip searched and detained in a holding cell excessively before being released.

18.   During her detention at the 73rd Precinct, JERRY was transferred to the Kings County Hospital Center where she was treated for her injuries sustained in the incident.

19.   According to the New York City Police Department Complaint, JERRY was arrested for obstruction of governmental administration in the 2nd degree (PL 195.05).

20.   Upon information and belief, the district attorney declined to prosecute JERRY on any charges stemming from this arrest.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

21.   Paragraphs 1 through 20 of the complaint are hereby realleged and incorporated by reference herein.

22.   That Defendants had neither valid evidence for the arrest of JERRY nor legal cause or excuse to seize and detain her.

23.   That in detaining JERRY without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. JERRY was but one of those persons.

24.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25.   As a result of the above described  policies and customs, the officers, staff, agents and
      employees of Defendant CITY believed that their actions would not be properly
      monitored by supervisory officers and that misconduct would not be investigated or
      sanctioned, but would be tolerated.  In addition, the City of New York had and has a
      policy, custom, and/or practice of detaining persons for an excessive period of time prior
      to arraignment.

26.   The above described policies and customs demonstrated a deliberate indifference on the
      part of the policymakers of the CITY to the constitutional rights of arrestees and were the
      cause of the violations of JERRY's rights alleged herein.

27.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state
      law and within the scope of its authority, in gross and wanton disregard of JERRY's
      rights, subjected JERRY to an unlawful detention, in violation of the Fourth and
      Fourteenth Amendments of the United States Constitution and the laws of the State of
      New York.

28.   By reason of the foregoing, JERRY suffered physical injuries, mental injuries,
      deprivation of liberty and privacy, terror, humiliation, damage to reputation and other
      psychological injuries.  All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

29.   Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30.   That the incident that resulted from the intentional application of physical force by
      Defendants constituted a seizure.  That the use of excessive force in effectuating the
      seizure was unreasonable under the circumstances.

31.   That Defendants had no legal cause or reason to use excessive force in effectuating JERRY's arrest.

32.   That Defendants violated JERRY's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

33.   That at the time of the arrest or while in custody, JERRY did not pose a threat to the safety of the arresting officers.

34.   That JERRY was not actively resisting arrest or attempting to evade arrest.

35.   That defendant CITY, through its officers, agents, and employees, unlawfully subjected JERRY to excessive force while effectuating her arrest.

36.   That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

37.   That by reason of Defendants acts and omissions, acting under color of state law and within the scope of her authority, in gross and wanton disregard of JERRY's rights, subjected JERRY to excessive force while effectuating her arrest, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

38.   That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of JERRY's civil rights, including but not limited to the right to be free from the application of excessive force.

39.   That upon information and belief, in 2013, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

40.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

41.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of JERRY's rights alleged herein.

43.     By reason of the foregoing, JERRY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

44.     Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45.     That Defendants failed to intervene when Defendants knew or should have known that JERRY's constitutional rights were being violated.

46.     That Defendants had a realistic opportunity to intervene on behalf of JERRY, whose constitutional rights were being violated in their presence.

47.     That a reasonable person in the Defendants' position would know that JERRY's constitutional rights were being violated.

48.     That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of JERRY's rights, deprived JERRY of her liberty when they failed to intervene to protect

7

her from Defendants' use of excessive force, in violation of JERRY's rights pursuant to Fourteenth Amendment of the United States Constitution.

49.   That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, JERRY was not protected from Defendants' unconstitutional actions.

50.   That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

51.   That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of JERRY's rights alleged herein.

53.   That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

54.   That by reason of the foregoing, JERRY suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

55.    Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56.    That Defendants strip searched JERRY absent a requisite reasonable suspicion that
       JERRY was concealing weapons or contraband.

57.    That Defendants had no legally sufficient cause to strip search JERRY.

58.    That by reason of Defendants acts and omissions, Defendants acting under color of State
       law and within the scope of his authority, in gross and wanton disregard of JERRY's
       rights, subjected JERRY to an illegal strip search, in violation of her rights pursuant to
       the Fourth and Fourteenth Amendments of the United States Constitution.

59.    As a result of the above constitutionally impermissible conduct, JERRY were caused to
       suffer personal injuries, violation of civil rights, economic damages, emotional distress,
       anguish, anxiety, fear, humiliation, loss of freedom and damage to her reputation and
       standing within her community.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

60.    Paragraphs 1 through 59 are hereby realleged and incorporated by reference herein.

61.    That Defendants had no legal cause nor excuse to detain JERRY for a prolonged period
       prior to arraignment.

62.    That Defendants detained JERRY excessively prior to arraignment in violation of
       JERRY's civil rights.

63.    That Defendants detained JERRY with ill will and/or negligently.

64.    That Defendants should have expeditiously investigated this matter and released JERRY.

65. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived JERRY of her liberty when it subjected her to an unlawful, illegal and excessive detention, in violation of her due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

66. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

67. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

68. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

69. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of JERRY's rights alleged herein.

71. That Defendant, through its officers, agents and employees, unlawfully incarcerated JERRY for an excessive period of time prior to arraignment.

10

72.     By reason of the foregoing, JERRY suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, JERRY has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. JERRY has further experienced severe emotional and physical distress.

WHEREFORE, JERRY respectfully requests that judgment be entered:

1.      Awarding JERRY compensatory damages in a full and fair sum to be determined by a jury;

2.      Awarding JERRY punitive damages in an amount to be determined by a jury;

3.      Awarding JERRY interest from July 19, 2013 and

4.      Awarding JERRY reasonable attorney's fees pursuant to 42 USC § 1988; and

5.      Granting such other and further relief as to the Court deems proper.

DATED:      Brooklyn, New York
            November 3, 2014



                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718)604-3072